[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12933
_____

D. C. Docket No. 3:11-cv-00127-HES-MCR

ASHLEY BODDEN,
individually and as Personal Representative
of the Estate of Franklin Raymond Bodden,

Plaintiff-Appellant,

versus

HENRY A. BODDEN,

Intervenor-Plaintiff,

ERNEST COLE,
Deputy, individually,
DAVID BRIGHT, II,
individually,
SHERIFF, NASSAU COUNTY,
in his official capacity as Sheriff of the
Nassau County Sheriff's Office,
KATHERINE BODDEN-GELARO,
Personal Administrative of the Estate
of Franklin R. Bodden (deceased),
a.k.a. Katherine Bodden-Genaro,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____
(February 25, 2013)

Before DUBINA, Chief Judge, BLACK and ALARCÓN,[*] Circuit Judges.

PER CURIAM:

Appellant Ashley Bodden, individually and as the representative of the estate of Franklin Raymond Bodden (Bodden), appeals the district court's grant of summary judgment to Deputy Ernest Cole and Sheriff Thomas Seagraves on her 42 U.S.C. § 1983 civil rights complaint.  In Count I of her complaint, Appellant sued Deputy Cole, alleging that his use of deadly force against Bodden on the night of September 11, 2010, violated the Fourth Amendment's prohibition on unreasonable seizures.  In Count II, Appellant pled a cause of action for municipal liability against Seagraves in his official capacity as the sheriff of Nassau County. After careful review, we affirm.

## I.  FACTS

On September 11, 2010, Deputy Cole shot and killed Bodden.  Deputy Cole had received second-hand information from an informant that Bodden would be travelling through Callahan, Florida, that night with marijuana in his possession.

_____
[*] Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Circuit, sitting by designation.

2

As Deputy Cole was concluding an unrelated traffic stop, he saw Bodden on a motorcycle. Cole followed Bodden as he turned into a parking lot, and activated his emergency lights. A dashboard camera in Cole's car recorded the events of that night, starting 30 seconds before Cole's activation of his emergency lights. After stopping, Deputy Cole checked Bodden's license, as well as the license of Bodden's passenger, Anthony Weeks. Bodden and Weeks consented to being searched, so Deputy Cole moved Weeks to the front left wheel of his car to conduct a pat-down.

During the pat-down, a plastic bag fell from Weeks' pants. At that point, a civilian who was riding along with Cole that evening, David Bright, began shouting. Deputy Cole testified he saw Bodden pull something out of his waistband that looked like a small chrome pistol. While drawing his own weapon, Cole yelled at Bodden to drop the object and show his hands. Bodden, however, put the object behind his leg. Bodden turned toward Cole with the object in his hand, and Cole fired two shots. The object in Bodden's hand turned out to be a package containing a misdemeanor quantity of marijuana.

## II. DISCUSSION

Appellant argues that Deputy Cole's use of deadly force was objectively unreasonable because Bodden was unarmed and posed no threat when Cole shot him. Appellant vigorously disagrees with the district court's findings regarding the

3

videotape of the incident recorded by Deputy Cole's dashboard camera. She contends the video does not show anything in Bodden's left hand, Bodden cannot be seen to turn towards Cole, and nothing dropped from Bodden's hand after he was shot. Deputy Cole argues that he mistakenly, but reasonably, believed that Bodden was in the act of brandishing a gun and his use of deadly force was therefore objectively reasonable.

Based upon our de novo review of the record, including the videotape, *see Penley v. Eslinger*, 605 F.3d 843, 848 (11th Cir. 2010), we agree with the district court's summation of the events depicted in the video.[1] The district court rejected Appellant's version of events, explaining:

> The video is clear that Bodden is holding a cigarette in his right hand. It is Bodden's left hand that is the focus of this Court's attention. It is with his left hand that Bodden retrieves the bag of marijuana from his pants. Bodden holds this bag in his hand until he is shot by Cole. In fact, Bodden can be seen dropping this object, from his left hand, when he is reaching for his chest area after being shot.

Our review of the video confirms that, during the traffic stop, Bodden quickly moved his hand away from the area near his left side, which caused Bright to shout. Deputy Cole and Bright began simultaneously shouting orders at Bodden, who turned toward Cole with an object in his hand. Deputy Cole then

---

[1] It is undisputed that Deputy Cole was acting within the scope of his discretionary authority when the shooting occurred. *See Lewis v. City of W. Palm Beach*, 561 F.3d 1288, 1291 (11th Cir. 2009). Thus, the burden shifted to Appellant to establish that Deputy Cole's conduct violated a clearly established statutory or constitutional right of which a reasonable person would have known. *See id.*

4

fired two shots.  In the video, as Bodden doubles over, a dark object can be seen to drop from his left hand.[2]

Our qualified immunity jurisprudence cautions that "we must be careful to evaluate the reasonableness of an officer's conduct on a case-by-case basis from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."  *Penley*, 605 F.3d at 850 (internal quotation marks omitted).  Thus, under the Fourth Amendment, Deputy Cole was entitled to qualified immunity "if an objectively reasonable officer in the same situation could have believed the use of force was not excessive."  *Brown v. City of Huntsville*, 608 F.3d 724, 738 (11th Cir. 2010); *see also Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 821 (11th Cir. 2010) (explaining that an officer may be entitled to qualified immunity even if his belief in the necessity of force was mistaken).  In light of the information available to Deputy Cole and the tense, uncertain, and rapidly evolving situation he confronted, we conclude the use of deadly force was objectively reasonable and decline to second-guess his split-second judgment.  *See Penley*, 605 F.3d at 850; *see also Graham v. Connor*, 490 U.S. 386, 396–97 (1989).

---

[2] We need not adopt the nonmoving party's version of the facts to the extent it is clearly contradicted by a videotape such that no reasonable jury could believe it.  *See Beshers v. Harrison*, 495 F.3d 1260, 1262 n.1 (11th Cir. 2007); *see also Scott v. Harris*, 550 U.S. 372, 380–81 (2007).

In the absence of a Fourth Amendment violation, Sheriff Seagraves cannot be liable in his official capacity under § 1983, and we need not address Appellant's cause of action for municipal liability. *See Penley*, 605 F.3d at 854–55.

## III.  CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's grant of summary judgment.